THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PLANNED PARENTHOOD OF WISCONSIN, INC.,
SUSAN PFLEGER, MD,
FREDRIK BROEKHUIZEN, MD, and
AFFILIATED MEDICAL SERVICES,

      Plaintiffs,

  v.                                  Case No.:

J.B. VAN HOLLEN,
ISMAEL OZANNE,
JAMES BARR,
MARY JO CAPODICE, DO,
GREG COLLINS
RODNEY ERICKSON, MD,
JUDE GENEREAUX,
SURESH K. MISRA, MD,
GENE MUSSER, MD,
KENNETH B. SIMONS, MD
TIMOTHY SWAN, MD,
SRIDHAR VASUDEVAN, MD,
SHELDON A. WASSERMAN, MD,
TIMOTHY W. WESTLAKE, MD,
RUSSEL YALE, MD, and
DAVE ROSS,
                          Defendants

### REBUTTAL DECLARATION OF DOUGLAS LAUBE, M.D.

I, Douglas Laube, M.D., declare as follows:

1.    I am an adult resident of the State of Wisconsin and a medical doctor. I have been licensed to practice medicine in the State of Wisconsin by the Medical Examining Board of Wisconsin since 1993, and specialize in obstetrics and gynecology.

2.    I have been board-certified in obstetrics and gynecology by the American Board of Obstetrics and Gynecology since 1976.

3. I served from 1993 until 2006 as the Chairman of the Department of Obstetrics and Gynecology at the University of Wisconsin, and since 2006 have served as the Immediate Past Chair of that Department.

4. I have served as an officer of the American College of Obstetricians and Gynecologists ("ACOG"), including as its President Elect in 2005-2006, and as President in 2006-2007. I am the Immediate Past Chair of Physicians for Reproductive Health.

5. A true and correct copy of my *Curriculum Vitae* is attached to the Declaration that I previously submitted in this case which was filed as Document No. 4. (Dkt.4)

6. I submit this Rebuttal Declaration in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction against enforcement of the requirement of 2013 Wisconsin Act 37 that "no physician may perform an abortion, as defined in s. 253.20(2)(a), unless he or she has admitting privileges in a hospital within 30 miles of the location where the abortion is to be performed" as an expert in obstetrics and gynecology and the provision of abortion services. The opinions herein are based on my knowledge and experience in these areas, including my clinical experience, research, writing, teaching, and review of the medical literature. All of my opinions in this Rebuttal Declaration are expressed to a reasonable degree of medical certainty.

7. I have reviewed the declarations of Drs. David C. Merrill, Matthew Lee and James G. Linn. They make many unsubstantiated claims. In this Rebuttal Declaration I will respond to some of them. By choosing to respond only to some of the statements made in their respective declarations, I am not thereby endorsing or adopting any of the statements that I do not specifically address.

8. Dr. Lee states the American College of Obstetricians & Gynecologists "has become an advocate of unrestricted abortion." (Dkt. 43, p. 4) That statement is false. ACOG as an organization is committed to the provision of comprehensive reproductive health care to patients. ACOG believes that the voluntary termination of pregnancy, that is, abortion, is a right to which women are entitled and guaranteed and which contributes to their overall well-being. ACOG has never taken the position that all regulation of abortion is inappropriate. This contrasts with the position of the American Association of Pro-Life Obstetricians & Gynecologists which asserts that women should not be allowed to voluntarily terminate a pregnancy under any circumstance.

9. Dr. Linn claims that "serious complications and death from abortions are grossly underreported." ( Dkt. 42, p. 2) However, he fails to cite to any peer reviewed research to support his claim and, specifically, fails to refute the findings detailed in the peer reviewed studies that I cited at footnotes 1, 3 & 4 of my initial declaration. (Dkt. 4)

10. Most physicians who provide abortions in Wisconsin are board certified ob/gyns, board certified family practitioners and other physicians who treat patients in many settings and do not solely perform abortions. Drs. Linn, Lee and Merrill are suggesting that these physicians practice medicine outside of the mainstream of medical practice.

That is entirely false. The physicians who perform abortions in Wisconsin operate under the same rules and regulations as all physicians and are committed to providing appropriate patient care.

11.     Dr. Merrill suggests that a physician who performs abortions on an outpatient basis must thereafter be at the "center of the patient's care" within a hospital, in the unlikely event that the patient is admitted to a hospital for a complication. (Dkt. 46, p 3) That assertion makes no sense. If, for example, the complication involved the bowel, a vascular injury or an infection, the relevant subspecialist in the hospital would be the physician who was at the "center of the patient's" care, not the physician who treated the patient on an outpatient basis.

12.     Also, Dr. Merrill suggests that requiring admitting privileges at a hospital within 30 miles of the facility where abortions are performed will provide a "layer of safety" to a patient who is "unstable from blood loss or infection" (Dkt. 46, p. 4) That makes no sense. If a patient is unstable from blood loss or infection, that patient must be transported to the closest emergency room where the emergency room physicians, who are generally board certified in emergency medicine, will do what they are trained to do and do well: stabilize the patient, evaluate her and then either treat her or have the appropriate specialist at the hospital do so. Whether the physician who sent her to the emergency room for that care has admitting privileges somewhere else is meaningless.

12.     Finally, Drs. Lee, Linn and Merrill all assert in one way one another that those physicians who perform abortions do not communicate with emergency rooms and are thereby abandoning their patients. Abandoning a patient would violate MEB 10.02(2)(j) because it would be a "practice or conduct which tends to constitute a danger to the health, welfare, or safety of patient or public." If those physicians who perform abortions were "abandoning" their patients, with the scrutiny under which abortion clinics operate in this state, surely there would have been a substantiated finding by the Medical Examining Board ("MEB") regarding such conduct. I am unaware that there has ever been such a finding by the MEB.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 17, 2013

/s/Douglas Laube, M.D.
Douglas Laube, M.D.