IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PLANNED PARENTHOOD OF
WISCONSIN, INC., SUSAN PFLEGER,
MD, FREDRIK BROEKHUIZEN, M.D., and
MILWAUKEE WOMEN'S MEDICAL
SERVICES d/b/a AFFILIATED MEDICAL
SERVICES,

                    Plaintiffs,                  OPINION & ORDER

   v.

                                                13-cv-465-wmc

J.B. VAN HOLLEN, ISMAEL OZANNE,
JAMES BARR, MARY JO CAPODICE, D.O.,
GREG COLLINS, RODNEY A. ERICKSON,
M.D., JUDE GENEREAUX, SURESH K.
MISRA, M.D., GENE MUSSER, M.D.,
KENNETH.B. SIMONS, M.D., TIMOTHY
SWAN, M.D., SRIDHAR VASUDEVAN, M.D.,
OGLAND VUCKICH, M.D., TIMOTHY W.
WESTLAKE, M.D., RUSSELL YALE, M.D., and
DAVE ROSS,

                    Defendants.

On August 2, 2013, this court granted plaintiffs' motion to enjoin the admitting privileges requirement of Section 1 of 2013 Wisconsin Act 37. (Dkt. #81.) On August 6, 2013, defendants filed a notice of interlocutory appeal, seeking review of the court's entry of a preliminary injunction. (Dkt. #82.) Now before the court is defendants' motion to stay all proceedings pending appeal. (Dkt. #89.) In response, plaintiffs do not oppose the striking of all deadlines, including the trial date, but rather the entry of a complete stay suggesting that the court instead strike all deadlines and hold a scheduling conference on November 25th. (Dkt. #92.) For the reasons that follow, the court will grant in part and deny in part defendants' motion. All scheduled dates, including the trial date, will be struck; however, the parties may engage in discovery while this case is on appeal.

The court rejects out of hand defendants' argument that a stay is required because their appeal "divests the district court of its control over those aspects of the case involved in the appeal." (Defs.' Br. (dkt. #90) 4-5 (quoting *Bradford-Scott Data Corp. v. Phys. Comp. Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)).) In the very decision quoted by defendants, the Seventh Circuit explained that "the [district] court may conduct proceedings looking toward permanent injunctive relief while an appeal from the grant or denial of a preliminary injunction is pending." *Bradford-Scott Data Corp.*, 128 F.3d at 505; *see also Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. This is so for appeals concerning preliminary injunctions." (citations omitted)); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (noting that a district court "may consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending"); *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 909 F.2d 248, 250 (7th Cir. 1990) ("[S]ince the ground of appealability is not the existence of a final decision but the issuance of an injunction, the district judge has not been divested of jurisdiction over the case.").

Still, the court agrees with defendants that a stay is warranted here because (1) the stay will not prejudice plaintiffs; and (2) a stay may simplify or clarify the issues in question and streamline the case for trial. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010); *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168, 2010 WL 2079866, *1 (W.D. Wis. May 19, 2010). Except for the lingering uncertainty (which will not be eliminated until this matter is resolved through final appeal), plaintiffs are not prejudiced by the stay now that an injunction is in place. As plaintiffs acknowledge,

additional time may allow them to develop the record as to their ability to obtain admitting privileges at local hospitals. Furthermore, the Seventh Circuit's review of the preliminary injunction order will likely provide guidance to this court and the parties on the law and its application to the facts here. If anything, it would be inefficient for this court to address the merits of plaintiffs' claims until obtaining this guidance from the Seventh Circuit.

This does not, however, mean that progress cannot be made by the parties in taking discovery and in further development of the record. On the contrary, this is highly advisable as this case is likely to proceed once again on an expedited basis once the Seventh Circuit issues its opinion.

ORDER

IT IS ORDERED that defendants' expedited motion to stay all proceedings pending appeal (dkt. #89) is GRANTED IN PART in that all dates scheduled in this action are struck and otherwise DENIED.

Entered this 15th day of August, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge